IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Supreme Raheem Ackbar, | ) | Civil Action No. 4:18-3181-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Patricia S. Connor, *Clerk*, | ) | |
| James N. Ishida, *Secretary*, | ) | |
| Richard S. Sewell, *Deputy Clerk*, | ) | |
| Karen Stump, *Deputy Clerk US* | ) | |
| *Court of Appeals*, | ) | |
| Richard M. Gergel, | ) | |
| Thomas E. Rogers, III, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 21) recommending the Court dismiss Plaintiff's Complaint. For the reasons set forth below, the Court adopts the R & R as the order of the Court and Plaintiff's Complaint is dismissed. Further, Plaintiff's Motions for Recusal (Dkt. Nos. 13, 14) are denied.

**I.  Background**

On November 26, 2018, Plaintiff Supreme Raheem Ackbar filed a *Bivens* complaint claiming that the Defendants deprived him of certain constitutional rights. (Dkt. No. 1.) On January 22, 2019, Plaintiff filed an amended complaint (Dkt. No. 15). Defendants Connor, Ishida, Stump, and Sewell are allegedly Fourth Circuit court clerk employees, Judge Gergel is a United States District Court Judge, and Judge Rogers is a United States Magistrate Judge. Plaintiff's claim are based on his disagreement regarding the Defendants' disposition of prior cases. (*Id.*)

1

## II. Legal Standard

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is therefore reviewed for clear error.

## III. Discussion

"It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is a threshold question which requires dismissal. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Consequently, a claimant cannot maintain a suit against a judge if the alleged violation involves the judge's performance of an official task. Plaintiff's claims against Judge Gergel and Judge Rogers are based on their official participation and judicial rulings made in relation to Plaintiff's cases and are therefore barred by the doctrine of absolute judicial immunity. As a result, Plaintiff cannot maintain his claims against Judge Gergel and Judge Rogers. *Id.* (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Defendants Connor, Ishida, Stump, and Sewell are allegedly Fourth Circuit court clerk employees, and "a court clerk is generally entitled to quasi-judicial immunity" for tasks undertaken as a part of the judicial process. *Ross v. Baron*, 493 Fed. App'x. 405, 406 (4th Cir. 2012). Every violation alleged by Plaintiff involves Defendants' performance of official tasks. Therefore, because court clerks are entitled to quasi-judicial immunity for tasks performed as part of the judicial process, Plaintiff cannot maintain his claims against Defendants Connor, Ishida, Stump, and Sewell.

Finally, Plaintiff's motions for the recusal of Judge Gergel and Judge Rogers are denied. *See Liteky v. United States*, 510 U.S. 540, 551 (1994) ("[T]he judge is not…recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes… necessary to completion of the judge's task").

Therefore, Plaintiff's complaint is dismissed with prejudice. *See McQune v. Hutto*, 2017 WL 3868796 at *2 (D.S.C. Sep. 5, 2017) ("[D]ismissal on judicial or quasi-judicial absolute immunity grounds is properly with prejudice").

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 21) as the order of the Court. Plaintiff's motions for recusal (Dkt. Nos. 13, 14) are **DENIED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 26, 2019
Charleston, South Carolina