**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Supreme Raheem Ackbar, | ) | Civil Action No. 4:18-3181-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Patricia S. Connor, *Clerk*, | ) | |
| James N. Ishida, *Secretary*, | ) | |
| Richard S. Sewell, *Deputy Clerk*, | ) | |
| Karen Stump, *Deputy Clerk US* | ) | |
| *Court of Appeals*, | ) | |
| Richard M. Gergel, | ) | |
| Thomas E. Rogers, III, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiffs' motion to alter or amend the judgment (Dkt. No. 27). For the reasons set forth below, the Court denies the motion.

## I. Background

On November 26, 2018, Plaintiff Supreme Raheem Ackbar filed a *Bivens* complaint claiming that the Defendants deprived him of certain constitutional rights. (Dkt. No. 1.) On January 22, 2019, Plaintiff filed an amended complaint (Dkt. No. 15). Defendants Connor, Ishida, Stump, and Sewell are allegedly Fourth Circuit court clerk employees, Judge Gergel is a United States District Court Judge, and Judge Rogers is a United States Magistrate Judge. Plaintiff's claim are based on his disagreement regarding the Defendants' disposition of prior cases. (*Id.*) On February 26, 2019, the Court adopted the Report and Recommendation of the Magistrate Judge and Dismissed Plaintiff's complaint with prejudice. (Dkt. No, 26.) Plaintiffs claims were dismissed as all the Defendants were entitled to immunity. (*Id.*) The Order also denied Plaintiff's

1

motions for recusal of Judge Gergel and Judge Rogers. (*Id.*) Plaintiff now seeks reconsideration of that order. (Dkt. No. 27.)

## II.     **Legal Standard**

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) *citing EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

## III.    **Discussion**

Plaintiff fails to identify an intervening change in controlling law or new evidence, and instead argues the Court's order was a clear error of law and/or constituted a manifest injustice. (Dkt. No. 27 at 2.) However, Plaintiff largely restates his arguments from his Amended Complaint and Motions for recusal, and does not demonstrate why the judges or employees here are not entitled to immunity or why Judge Gergel or Judge Rogers were required to recuse themselves. While Plaintiff may disagree with the Court's conclusions, mere disagreement does not support a

motion to reconsider. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).[1]

## IV.  Conclusion

For the reasons above, Defendant's motion to amend or alter the judgment (Dkt. No. 27) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March *11*, 2019
Charleston, South Carolina

---

[1] The Court also notes that Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on March 1, 2019, after the February 20, 2019 deadline for objections (even including the extra three days as it was served by mail), and after the Court issued its Order on February 26, 2019. (Dkt. No. 26.) However, regardless, the Objections similarly do not demonstrate why the Defendants lack immunity in this case, or why Judge Gergel or Judge Rogers were required to recuse themselves.